So Ordered.

Signed this 18 day of July, 2025.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re:

| | |
|---|---|
| Stephen J. Donnelly, | Chapter 7 |
| | Case No. 24-60830-6-pgr |
| Debtor. | |

_____

| | |
|---|---|
| Fabrizio Law Firm | Adv. Pro. No. 25-80001-6-pgr |
| Plaintiff, | |
| v. | |
| Stephen J. Donnelly | |
| Defendant, | |

_____

APPEARANCES:

| | |
|---|---|
| Costello Cooney & Fearon PLLC | Alexandra Lee Condon, Esq. |
| *Counsel for Plaintiff Fabrizio Law Firm* | |
| 211 W. Jefferson Street, Syracuse, New York 13202 | |
| | |
| Orville & McDonald Law, PC | Peter Alan Orville, Esq. |
| *Counsel for Debtor/Defendant Stephen J. Donnelly* | |
| 30 Riverside Drive, Binghamton, New York 13905 | |

**MEMORANDUM-DECISION AND ORDER
GRANTING SUMMARY JUDGMENT**

1

Presently pending is a summary judgment motion filed by Plaintiff Fabrizio Law Firm ("Fabrizio") and opposed by Stephen J. Donnelly, the Debtor/Defendant. The question presented is whether attorneys' fees awarded to a former spouse in a matrimonial action, payable directly to her divorce lawyers, are excepted from discharge in bankruptcy.

For the following reasons, this Court determines the debt at issue here non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(5) and (a)(15) and grants Fabrizio summary judgment.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 1334(a), 1334(b), 157(a), and 157(b)(2)(A), (I), and (O). Venue is proper pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

The following facts are undisputed.

Attorneys from Fabrizio represented Debtor's former spouse in a matrimonial action commenced in the New York State Supreme Court in and for Broome County. (AP Docket No. 1, at ¶ 8).

Counsel for Debtor and his former spouse tried issues of equitable distribution, maintenance, child support, and other ancillary issues before the Honorable Eugene D. Faughnan, Justice of the New York State Supreme Court. (AP Docket No. 21, at p. 2). On February 29, 2024, Judge Faughnan issued a Decision and Order After Trial in which he ruled, *inter alia*, that Debtor's former spouse was entitled to an Order pursuant to New York's Domestic Relations Law §237 (a) directing Debtor to pay her

legal fees in the amount of $71,196.86 (the "Fee Award"). (AP Docket No. 21, at p. 29-31).[1]

A judgment of divorce was entered on April 12, 2024. (AP Docket No. 1, at ¶ 9). Judge Faughnan's decision, including the Fee Award, was incorporated into the judgment. (AP Docket No. 1, at ¶ 10). The judgment was filed with the Broome County Clerk on April 19, 2024. (AP Docket No. 1, at ¶ 14).

## PROCEDURAL HISTORY

Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 17, 2024. (Docket No. 1 in Case No. 24-60830-6). Debtor identified the Fee Award as an unsecured debt and Fabrizio as an unsecured creditor. (*Id.* at p. 27).

Fabrizio commenced this adversary proceeding on January 6, 2025, by filing a Complaint seeking a determination that the Fee Award is non-dischargeable pursuant to 11 U.S.C. §§ 523 (a)(5) and/or 523 (a)(15). (AP Docket No. 1). The Debtor interposed an Answer on February 4, 2025. (AP Docket No. 5).

Fabrizio filed a motion for summary judgment on May 1, 2025, supported by a memorandum of law and attorney affidavits with accompanying exhibits. (AP Docket No. 15). The Debtor submitted a memorandum of law in opposition on May 29, 2025. (AP Docket No. 24). Fabrizio interposed a reply memorandum of law on June 4, 2025. (Docket No. 25). This Court heard oral argument on June 10, 2025, in Utica, New York and reserved decision.

---

[1] Judge Faughnan's decision was filed with this Court under seal for confidentiality purposes.

3

## DISCUSSION

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure, applicable here pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d. Cir. 2011).

The moving party must support its assertions by citing to evidence in the record, which may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). Further, an affidavit in support of summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4).

"Where the moving party demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) and citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

When adjudicating a summary judgment motion, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against

whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)). The court must also consider the burden of proof the moving party would face at trial. *Celotex Corp.*, 477 U.S. at 322–23.

### B. Analysis

The parties agree that there are no disputed material facts and that the question of whether the Fee Award is non-dischargeable is a matter of statutory interpretation.

Section 523 of the Bankruptcy Code excepts certain debts from discharge. These exceptions advance "the public policy of denying relief from debts resulting from undesirable behavior and further[ ] certain other social policy interests." *Grow Up Japan, Inc. v. Yoshida* (*In re Yoshida*), 435 B.R. 102, 107-08 (Bankr. E.D.N.Y. 2010); *see also Cazenovia College v. Renshaw* (*In re Renshaw*), 222 F.3d 82, 86 (2d Cir. 2000)("[T]here are circumstances where giving a debtor a fresh start in life is not the paramount concern and protection of the creditor becomes more important.").

Among the debts excepted from discharge are debts "for a domestic support obligation" and debts "incurred by the debtor in the course of a divorce … or in connection with a … divorce decree or other order of a court of record …." 11 U.S.C. §§ (a)(5) & (a)(15).

Fabrizio contends that the Fee Award satisfies the requirements of either, or both, of these sections and is therefore non-dischargeable.

Debtor's defense is straightforward and statutory:

5

The term "domestic support obligation" is defined under the Code as a debt *"owed to or recoverable by …* a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or a governmental unit." 11 U.S.C. § 101 (14A)(emphasis added). Likewise, although § 523 (a)(15) excepts debts incurred during a divorce from discharge, it expressly applies only to debts owed to "a spouse, former spouse, or child of the debtor …." 11 U.S.C. § 523 (a)(15).

Fabrizio is a law firm and does not fall within any of the categories listed in § 101 (14A) or identified in § 523 (a)(15). As such, Debtor argues that neither of the exceptions applies and his obligation to pay the Fee Award is dischargeable.

This Court finds Debtor's argument unavailing.

In sum, although the Fee Award is *payable* to Fabrizio, it is an obligation the Debtor *owes* to his former spouse.

The Second Circuit has long held that a third-party payment pathway does not change the fundamental fact that the underlying liability (and reason for recovery) is an obligation owed by the debtor to a party protected by the Code. *See, e.g., Falk & Siemer, LLP v. Maddigan* (*In re Maddigan*), 312 F.3d 589, 593 (2d Cir. 2002)("The fact that the debt is payable to a third party (here, Falk & Siemer) does not prevent classification of that debt as being owed to Maddigan's child. Our case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in § 523(a)(5) in order to be nondischargeable.")(collecting cases); *see also Pauley v. Spong* (*In re Spong*), 661 F.2d 6, 11 (2d Cir. 1981)("We conclude that it would be exalting form over substance to fail to treat appellee's agreement to

6

pay his wife's counsel fee as a 'debt ... to a spouse ... for alimony ... maintenance ..., or support', and that, therefore, it is nondischargeable in bankruptcy.").

In addition, while the question of whether a debt constitutes a "domestic support obligation" is determined under the definition supplied in the Bankruptcy Code, bankruptcy courts "refer to well-established state laws in making that determination." *In re Rogowski*, 462 B.R. 435, 445 (Bankr. E.D.N.Y. 2011).

The Fee Award was made pursuant to Section 237 of New York's Domestic Relations Law ("DRL").  In pertinent part, DRL § 237 authorizes a court to direct one spouse to "*pay* counsel fees … directly to the attorney of the other spouse." N.Y. Dom. Rel. Law § 237 (a)(emphasis added).  This relief is provided when necessary to "enable the other [spouse] to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties." *Id.*

DRL § 237 creates a rebuttable presumption that "counsel fees shall be *awarded to* the less monied spouse." *Id.* (emphasis added).  It further provides that "[p]ayment of any retainer fees to the attorney for the petitioning party shall not preclude any *awards* of fees and expenses" to a party who would otherwise be entitled to an award. *Id.* (emphasis added).

The statute's language makes it clear that though the fees are *paid* to counsel, they are *awarded* to a spouse determined to be deserving of such an award under the circumstances of the case, including the parties' relative financial circumstances and

7

conduct during litigation. *See Rogowski*, 462 B.R. at 446 (collecting and reviewing New York cases).

New York courts applying DRL §237 recognize this reality by directing payment to the deserving spouse (as opposed to their counsel) where they have already paid their legal fees. *See, e.g., S.P. v. F.O.*, 20 Misc. 3d 1104(A), 867 N.Y.S.2d 20 (N.Y. Sup. Ct. 2008); *Prichep v. Prichep*, 52 A.D.3d 61, 67, 858 N.Y.S.2d 667, 671 (2d. Dep't 2008); *C.S.G. v. C.R.G.*, 82 Misc. 3d 1235(A), 208 N.Y.S.3d 845 (N.Y. Sup. Ct. 2024).

Here, Judge Faughnan found the Fee Award appropriate because Debtor's former spouse was the less monied spouse and because the Debtor protracted the litigation through "dilatory tactics." (AP Docket No. 21, at p. 29-31).

Applying the Second Circuit's holdings in *Maddigan* and *Spong*, bankruptcy courts have consistently concluded that awards of this type are debts "owed" to the former spouse and thus are non-dischargeable under §§523 (a)(5) and/or (a)(15), the payee's identity notwithstanding. *See, e.g., Abramson v. Wilson (In re Wilson)*, No. 24-36204 (KYP), 2025 WL 1878750, at *5 (Bankr. S.D.N.Y. July 8, 2025); *Campagna Johnson Mady, P.C v. Kalsi (In re Kalsi)*, 631 B.R. 369, 371-73 (Bankr. S.D.N.Y. 2021); *Rogowski*, 462 B.R. at 439-47; *Lawrence v. Ryszka (In re Ryszka)*, No. 17-11041K, 2017 WL 6272193, at *3 (Bankr. W.D.N.Y. Dec. 7, 2017); *Harris Beach LLPv. Anderson (In re Anderson)*, 300 B.R. 831, 834-35 (Bankr. W.D.N.Y. 2003); Tarone v. Tarone *(In re Tarone)*, 434 B.R. 41, 48-49 (Bankr. E.D.N.Y. 2010).

8

Debtor relies on cases from outside our Circuit to argue for a different result. This Court finds those cases distinguishable and unpersuasive.

In *Loe, Warren, Rosenfield, Katcher, Hibbs, & Windsor, P.C. v. Brooks* (*In re Brooks*), 371 B.R. 761 (Bankr. N.D. Tex. 2007), the court found that a judgment for legal fees was dischargeable because the law firm who obtained the judgment was not "Debtor's spouse, Debtor's former spouse, or Debtor's child; nor Debtor's child's parent, legal guardian, or responsible relative; nor a governmental unit." *Id.* at 764. Thus, "applying the plain meaning rule, the Firm is not an entity to which may be owed a non-dischargeable divorce-related debt." *Id.* at 764-65.

The *Brooks* court found it significant that Congress inserted the provision limiting domestic support obligations to debts owed to the designated parties as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *Id.* at 768 ("Yet, in going out of its way to define, in newly enacted section 101(14A), the list of entities (i.e., the entities specified in the statute) that may assert claims related to a 'domestic support obligation,' Congress did not add attorneys to this list, though it certainly could have.").

This Court finds *Brooks* distinguishable because it involved separate judgments obtained by a law firm against both the debtor and his former spouse in a collections proceeding. *Id.* at 762. The *Brooks* court appeared to recognize this distinction and was careful to note that it was not dealing with a case in which a "non-debtor spouse owes attorneys' fees in connection with domestic support" and observing that it "may make sense for those fees to be non-dischargeable." *Id.* at 767.

9

The court in *Gabel v. Olson* (*In re Olson*), 355 B.R. 649 (Bankr. E.D. Tenn. 2006), another case cited by Debtor, was likewise faced with a collections-type recovery effort with respect to a money judgment for nonsupport divorce debt. *See id.* at 657 (Bankr. E.D. Tenn. 2006)(finding that judgment creditor could not "step into the shoes" of debtor's former spouse through equitable subordination to bring a non-dischargeability claim).

Here, in contrast, the Fee Award was based, *inter alia*, on the former spouse's status as the less monied spouse. (AP Docket No. 21, at p. 29-31).

Courts in this Circuit have long recognized such awards as being "in the nature of support." *See Gulielmetti & Gesmer, P.C. v. Klein* (*In re Klein*), 197 B.R. 760, 761 (Bankr. E.D.N.Y. 1996); *Anderson*, 300 B.R. at 835; *Rogowski*, 462 B.R. at 446; *Kalsi*, 631 B.R. at 372; *Kantrowitz, Goldhamer & Graifman, P.C. v. Mason* (*In re Mason*), 545 B.R. 462, 466 (Bankr. S.D.N.Y. 2016).

In addition, courts in this Circuit have not adopted the *Brooks* court's interpretation of the impact of the BAPCPA amendments and have found that "*Spong* and its progeny remain just as applicable after BAPCPA as they were before it." *Asselin–Connolly, LLC v. Rubenstein* (*In re Rubenstein*), No. 09-22124 ASD, 2012 WL 837339, at *3 (Bankr. D. Conn. Mar. 9, 2012); *Rogowski*, 462 B.R. at 444 ("This Court concludes that the Second Circuit would apply the current § 523(a)(5) in the same manner as it did in *Spong,* would attach no preclusiveness to the named payee in the divorce decree, and would require that the substance of the award should prevail, not its form."); *see also Tarone*, 434 B.R. at 49; *Gilman v. Golio* (*In re Golio*), 393 B.R. 56,

10

63 (Bankr. E.D.N.Y. 2008); *Mordas v. Schenkein* (*In re Schenkein*), No. ADV. 09-01947 AJG, 2010 WL 3219464, at *6 (Bankr. S.D.N.Y. Aug. 9, 2010).

Indeed, there are sound reasons to conclude that Congress intended the BAPCPA amendments to "*increase* the scope of the discharge exception" based on "its recognition that the economic protection of dependent spouses and children under state law is no longer accomplished solely through the traditional mechanism of support and alimony payments." *Clair, Griefer LLP v. Prensky* (*In re Prensky*), 416 B.R. 406, 410-11 (Bankr. D.N.J. 2009), *aff'd sub nom. Prensky v. Clair Greifer LLP*, No. CIV.A. 09-6200 (FLW), 2010 WL 2674039 (D.N.J. June 30, 2010)(emphasis added); *Rubenstein*, 2012 WL 837339 at *2 ("Rather than reducing the scope of the § 523(a)(5) exception to discharge, BAPCPA expanded it to encompass family situations that did not fit neatly into the earlier language; none of the terms at issue in *Spong*, *Peters*, or *Maddigan* were eliminated under BAPCPA and nothing in either the language or the legislative history of BAPCPA indicates any intent to displace the long-established case law."); *see also Rogowski*, 462 B.R. at 444 & n.16.

Lastly, while exceptions to discharge are narrowly construed, *see Renshaw*, 222 F.3d at 86, finding the Fee Award non-dischargeable is consistent with the fundamental principle that "[d]ischargeability is determined by the substance of the liability, not the form, and inquiry must be made into the true and essential nature of the debt." *S.J. Groves & Sons Co. v. Peters* (*In re Peters*), 90 B.R. 588, 604 (Bankr. N.D.N.Y. 1988)(citing *Pepper v. Litton*, 308 U.S. 295, 305–06, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939); *Brown v. Felsen*, 442 U.S. 127, 139, 99 S.Ct. 2205, 2213, 60

11

L.Ed.2d 767 (1979); *Spong*, 661 F.2d at 9); *see also Brody v. Brody* (*In re Brody*), 3 F.3d 35, 38 (2d Cir. 1993)("[T]he label that the parties attach to a payment is not dispositive; the court must look to the substance, and not merely the form, of the payments."); *Prensky*, 416 B.R. at 411 ("The Debtor's obligation to pay the attorneys' fees does not evaporate simply because the trial court attempted to coordinate a more expeditious method of payment.").

For the reasons stated above, this Court finds that the Fee Award is a domestic support obligation excepted from discharge under 11 U.S.C. § 523 (a)(5). In addition, and in the alternative, the Fee Award is a debt incurred in the course of a divorce, in connection with a divorce decree, and pursuant to an order of a court of record and is thus non-dischargeable pursuant to § 523 (a)(15).

Fabrizio's motion for summary judgment (AP Docket No. 15) is GRANTED and the Fee Award is determined to be non-dischargeable under § 523(a)(5) and (a)(15).

###